IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAROL BOYKIN                                                                                            PLAINTIFF

vs.                                            Civil No. 4:13-cv-04034

CAROLYN W. COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Carol Boykin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on July 19, 2010.  (Tr. 53, 161-173). In her applications, Plaintiff claims to be disabled due to the following: "heart attack, impingement on left arm, hbp [high blood pressure]."  (Tr. 218).  Plaintiff alleges an onset date of April 20, 2009. (Tr. 53).  These applications were denied initially and again upon reconsideration.  (Tr. 91-94).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, on February 10, 2011, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 115-124).

Plaintiff's administrative hearing was held on August 31, 2011 in Texarkana, Arkansas. (Tr. 66-90). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Jerry Hildrey testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 69). As for her level of education, Plaintiff testified she had obtained her GED. *Id.*

On December 16, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 50-60). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 55, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 20, 2009, her alleged onset date. (Tr. 55, Finding 2). The ALJ determined Plaintiff had the following severe impairments: coronary artery disease, heart disease, chronic left rotator cuff tear, generalized osteoarthritis, and hypertension. (Tr. 55, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 55-56, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 56-58, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work. (Tr. 56, Finding 5). The full range of light work includes the following:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR § 404.1567(b) and 20 CFR § 416.967(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ found Plaintiff did not retain the capacity to perform her PRW. (Tr. 58, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 59, Finding 10). The ALJ relied upon the Medical-Vocational Guidelines or "the Grids" to make that determination. *Id.* Specifically, pursuant to Rule 202.14 of the Grids, the ALJ determined Plaintiff did retain the capacity to perform other work existing in significant numbers in the national economy. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from April 20, 2009 through the date of the ALJ's decision or through December 16, 2011. (Tr. 59, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 46). On March 9, 2013, the Appeals Council reviewed the ALJ's unfavorable determination. (Tr. 1-3). As a part of that review, the Appeals Council found Plaintiff was disabled beginning December 16, 2011 but was not disabled prior to that time. *Id.* Specifically, the Appeals Council declined to find Plaintiff was disabled between April 20, 2009 and December 16, 2011. *Id.*

On March 29, 2013, Plaintiff filed the present appeal. ECF No. 1. Because the Appeals Council found Plaintiff was disabled beginning December 16, 2011, the issue on this appeal is

whether Plaintiff was also disabled from her alleged onset date of April 20, 2009 until December 16, 2011.  *Id.*  The Parties consented to the jurisdiction of this Court on March 29, 2013.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 10-11.  This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in finding her impairments did not meet the requirements of Listings 1.02 and 4.04; (2) the ALJ erred in failing to assess her RFC; (3) the ALJ erred in discrediting the opinions of her treating physicians; and (4) the ALJ erred by failing to give proper consideration to her non-exertional impairments. ECF No. 10 at 1-20. Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 56-58). Indeed, in this case, the ALJ did what was specifically prohibited by *Polaski* and discounted Plaintiff's subjective complaints based upon the medical evidence alone. *Id.* Notably, in his opinion, the ALJ stated he discounted her subjective complaints based upon "her activities of daily living" *and* "the medical evidence of record." (Tr. 57). However, the "activities of daily living" he found inconsistent with her subjective complaints were that she was "able to walk around her mobile home" and "maintain her home as long as she took short breaks." (Tr. 58). Certainly such "activities" are not inconsistent with Plaintiff's subjective complaints of disability due to heart disease and shoulder problems.

Further, the ALJ even improperly determined Plaintiff's medical records were inconsistent with her subjective complaints of disability. Specifically, on November 8, 2010, Plaintiff's consultative examiner, Dr. Ben D. Johnson, M.D. found she had "documented coronary heart disease," "atypical" chest pain, and "chronic left rotator cuff tear with symptoms." (Tr. 797-800). Throughout 2009, Plaintiff was also being treated at the Family Clinic of Murfreesboro and was found to have a "left rotator cuff tear" and was found to have chronic pain due to her shoulder injury. (Tr. 1019-1042).

In his opinion, the ALJ ignored these findings–which are consistent with Plaintiff's subjective complaints–and instead focused upon the opinions of a non-examining, reviewing

physician: "The undersigned gives substantial weight to the opinion of the medical reviewer for the state agency. He opined that the claimant could do light work and cited to medical evidence the [that] supported his opinion." (Tr. 58).

The ALJ's decision to rely upon the opinions of a non-examining, non-treating physician was in error. This is especially true in this case because these opinions are not consistent with the findings of Plaintiff's treating physician at the Family Clinic of Murfreesboro. *See Harvey v. Barnhart,* 368 F.3d 1013, 1016 (8th Cir. 2004) (holding "[i]t is true that we do not consider the opinions of non-examining, consulting physicians standing alone to be 'substantial evidence'"). Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski* and for further evaluation of the medical evidence in the record.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of April 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.